IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JORGE EDUARDO SOLARES MORAN, *Petitioner*, v. MARKWAYNE MULLIN, *et al.*, *Respondents*. | 1:26-cv-2421-MSN-WEF |

ORDER

On August 5, 2026, Jorge Eduardo Solares Moran ("Petitioner"), a native and citizen of Guatemala who first entered the United States two years ago, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 alleging that he has been unlawfully detained by the Federal Respondents. *See generally*, ECF 1. That same day, this Court ordered that "Petitioner IS NOT to be removed or transferred from this district for any reason without this Court's permission during the pendency of this habeas action[.]" *See* ECF 2 (emphasis in original). Two days later, the Federal Respondents filed a motion to dismiss the Petition on jurisdictional grounds. *See* ECF 4 (Motion); ECF 5 (Memorandum).

In that motion, the Federal Respondents for the first time informed this Court that Petitioner was not currently located in this District. The Federal Respondents outlined the series of events as follows. On August 2, 2026, Petitioner was taken into custody at the Washington Field Office and later detained at the Farmville Detention Center. ECF 4-2[1] ¶ 6; ECF 4-3. On August 5, 2026,

[1] The Court notes that while the exhibit was titled a "Declaration," the declarant neglected to sign the document. However, the Court has no reason to believe the facts as stated therein were inaccurate and in the interest of efficiency will proceed despite the oversight.

Petitioner was placed on a flight that departed from Richmond, Virginia at 1:21 PM[2] EDT[3] and landed in Memphis, Tennessee at 3:08 EDT. ECF 4-2 ¶ 7. Petitioner then took a second flight. Petitioner was placed on a flight departing Memphis, Tennessee at 3:42 PM EDT. *Id.* ¶ 8. Petitioner's habeas petition was filed fourteen minutes later at 3:56 PM EDT. ECF 5 at 2. This Court entered its order preventing Petitioner's removal within the next hour. Petitioner's second flight landed in El Paso, Texas at 5:57 PM EDT. ECF 4-2 ¶ 8. Petitioner was then transferred to Cibola County Correctional Center in Milan, New Mexico and was booked into the facility at 10:00 PM EDT. *Id.* ¶ 9; ECF 4-3. Essentially, Petitioner was in the air and flying between locations when the Petition was filed. Federal Respondents argue that the Petition must be dismissed because Petitioner was not located within this District when the Petition was filed. *See generally* ECF 5.

Petitioner argues that this Court should retain jurisdiction over his Petition because of the unknown custodian exception articulated by the Fourth Circuit in *Suri v. Trump*, No. 25-1560, 2026 WL 2123537 (4th Cir. Jul. 23, 2026). ECF 7 at 4-5. The Fourth Circuit explained that "[w]hen a detainee is held in a secret location," jurisdiction is "proper in [the petitioner's] last-known location, and the only place his attorney reasonable could have filed[.]" *Suri*, 2026 WL 2123537, at *7-9. Indeed, "it is essential that [the] petitioner not be denied the right to petition for a writ of habeas corpus because they are in an unidentifiable location." *Suri*, 2026 WL 2123557, at *7. Based on these representations, the Court finds that *Suri*'s unknown custodian exception applies in this case, and the motion to dismiss must be denied.

Regarding the merits of the petition, this Court's Order required the Federal Respondents

---

[2] The Court notes that Federal Respondents' booking log has a slight discrepancy that shows Petitioner was not booked out of Farmville Detention center until 1:**<u>30</u>** PM. *See* ECF 4-3. This discrepancy does not materially alter the Court's analysis.

[3] To prevent confusion, all references to time in this Order are in terms of EDT.

to file either a notice indicating the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7, 2025), or an Opposition to the Petition discussing the material differences. ECF 2. Federal Respondents did not discuss the application of *Servellon Martinez* to this Petition in its motion to dismiss and therefore have waived any arguments related thereto. *See generally* ECF 5; *see also Floyd v. Floyd*, 198 F.3d 237 (4th Cir. 1999) (explaining that “parties generally waive an argument when they fail to raise it in a timely manner”). It appears to this Court that the factual circumstances and legal issues presented in this Petition are materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case, and the Court will grant the Petition. As such, and for good cause shown, it is hereby

ORDERED that Federal Respondents’ motion to dismiss, ECF 4, is DENIED; it is further

ORDERED that respondents immediately arrange for return of Petitioner with all of his personal belongings and documents to this jurisdiction by no later than 5:00 pm on Friday, August 21, 2026; it is further

ORDERED that upon Petitioner’s return to this District, he shall be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address which he must provide to the Federal Respondents.[4] Petitioner must also appear at the bond hearing once Federal Respondents notify him of its date, time, and location; it is further

---

[4] If Petitioner opts to file a pleading in this civil action notifying the Federal Respondents of his fixed address, Petitioner should file that pleading under seal. No separate motion to seal will be required.

ORDERED that Federal Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

ORDERED that Federal Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

**IT IS SO ORDERED.**

The Clerk is directed to forward a copy of this Order to counsel of record and to Dennis Barghaan, Chief of the Civil Division of the U.S. Attorney's Office for the Eastern District of Virginia.

/s/
Michael S. Nachmanoff
United States District Judge

August 19, 2026
Alexandria, Virginia